UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NICHOLAS G. FAITOS, JR., et al.,
    Plaintiffs,
    v.
HOME DEPOT U.S.A., INC.,
    Defendant.

Case No.18-cv-01746-VKD

**ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

Defendant Home Depot U.S.A., Inc. ("Home Depot") removed this matter here on March 21, 2018, invoking diversity jurisdiction. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

A defendant generally has 30 days from receipt, through service or otherwise, of the complaint to file a notice of removal. 28 U.S.C. § 1446(b)(1). But, where (as here) removability is not ascertainable from the original complaint, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an *amended pleading, motion, order or other paper* from which it may first be ascertained that the case is one which is or has become removable." *Id*. § 1446(b)(3) (emphasis added). Home Depot's notice of removal is based solely on a February 20, 2018 phone call in which plaintiffs' counsel reportedly said that plaintiffs' damages exceed $75,000.

Accordingly, Home Depot shall file a response to this order, showing cause why the removal of this matter was not premature. Home Depot's response shall be filed no later than the June 12, 2018 deadline for the parties' Joint Case Management Statement.

**IT IS SO ORDERED.**

Dated: June 8, 2018

_____
VIRGINIA K. DEMARCHI
United States Magistrate Judge